IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY L. ROBINSON,

    Petitioner,

v.   CASE NO. 5:11-cv-99-RH-GRJ

PAIGE AUGUSTINE, WARDEN,

    Respondent.

_____/

## ORDER

Pending before the Court is Doc. 17, Respondent's Motion to Consolidate and Motion for Enlargement of Time in Which to File a Consolidated Response. Petitioner, an inmate in the custody of the federal Bureau of Prisons at FCI-Marianna, initiated this case by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C § 2241 on April 4, 2011 (Doc. 1). Plaintiff challenges the execution of his sentence, arguing that his sentence should be modified to account for the term of imprisonment he served on his state conviction prior to being transferred back into federal custody to serve the remainder of his sentence. On September 13, 2011, this Court issued an order directing service of Petitioner's Amended Petition (Doc. 8) and requiring a response from Respondent on or before November 14, 2011. (Doc. 12). However, the docket entry by the Clerk indicates that the initial Petition (Doc. 1) was served instead.

Meanwhile, Petitioner filed a virtually identical § 2241 petition in this Court on July 7, 2011. (NDFL Case No. 5:11-cv-232-MP-EMT). Magistrate Judge Elizabeth M. Timothy issued an order directing service of the Amended Petition (Doc. 6) in that case on September 7, 2011, requiring a response on or before November 7, 2011. The facts

and claims in both cases are virtually identical, and Petitioner names the same Defendant in both cases.[1]

Rule 42(a) of the Federal Rules of Civil Procedure provides in pertinent part, that "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  A district court's decision to consolidate is purely discretionary,[2] but in exercising that discretion the court should consider (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, (3) witnesses and available judicial resources posed by multiple lawsuits, (4) the length of time required to conclude multiple suits as against a single one, and (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.[3]

Having considered these issues, the undersigned concludes that consolidation of *Robinson v. Augustine*, Case. No. 5:11-cv-232-MP-EMT, with the above-styled case

---

[1] The Court notes that Petitioner has asserted his current claim in three § 2255 motions in the Southern District of Georgia.  After his initial § 2255 was dismissed as untimely (the Court found that it did not have jurisdiction to consider claims for credit for time served), Petitioner filed two successive § 2255 motions raising the same claims.  The most recent motion was filed in October 2011 and a report and recommendation is pending in that case.  The court warned Petitioner that it would not tolerate his misrepresentations regarding prior motions and that it is improper for him to continue to file the same claims in successive § 2255 motions.  (S.D. Ga. Case No. 1:11-cv-168-JRH-WLB, Doc. 2, Oct. 18, 2011).  Thus, it appears that after Petitioner filed the instant habeas petition, he initiated two separate actions asserting an identical claim for modification of his sentence calculation.  Petitioner is advised that it is improper for him to continue to assert the same claim in separate causes of action.

[2] *Wright v. Dougherty County, Georgia*, 358 F.3d 1352, 1356 (11th Cir. 2004).

[3] *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)(citing *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982) *cert denied,* 460 U.S. 1102 (1983)).

*Case No: 5:11-cv-99-RH-GRJ*

would conserve judicial resources and permit the efficient and expeditious resolution of Petitioner's claims.

Accordingly, it is **ORDERED** that:

1. Respondent's Motion to Consolidate and Motion for Enlargement of Time in Which to File a Consolidated Response (Doc. 17) is **GRANTED**. *Robinson v. Augustine*, Case. No. 5:11-cv-232-MP-EMT, is consolidated with the above-styled case for all further proceedings. All further filings should be made in this case. The Clerk is directed to make the appropriate notations on the docket reflecting that *Robinson v. Augustine*, Case. No. 5:11-cv-232-MP-EMT has been consolidated with this case for all further proceedings.

2. The Clerk shall furnish by certified mail, return receipt requested, a copy of the Amended Petition, Doc. 8, and this order to the Respondent, the United States Attorney General, and the United States Attorney for this district, who shall file a consolidated response on or before **December 14, 2011**.

3. Petitioner shall have until **January 13, 2012**, to file a reply, if desired.

**DONE AND ORDERED** this 1st day of November 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge